UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4647 PSG (SSx) | Date | July 7, 2015 |
|---|---|---|---|
| Title | Joseph Fogel v. Nationstar Mortgage, LLC, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     Order REMANDING Action to State Court

      Pending before the Court is Defendants Nationstar Mortgage, LLC and Veriprise Processing Solutions' ("Veriprise") (collectively, "Removing Defendants") Notice of Removal of Plaintiff Joseph Fogel's ("Plaintiff") state court action. Dkt. # 1. After reviewing the Notice of Removal and underlying Complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.").

      Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a). The diversity of citizenship requirement does not apply to "nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal quotations omitted); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

      If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4647 PSG (SSx) | Date | July 7, 2015 |
|---|---|---|---|
| Title | Joseph Fogel v. Nationstar Mortgage, LLC, *et al.* | | |

The Notice of Removal acknowledges that Plaintiff asserts claims against Removing Defendants and a third defendant, Title 365. *See Not. of Removal* ¶ 3. Removing Defendants do not plead Defendant Title 365's citizenship, arguing that Title 365 is a nominal party and that its citizenship should be disregarded for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332. *Id.* ¶¶ 14-16.

If a defendant files a declaration of non-monetary status pursuant to California Civil Code § 2924*l* in state court and the statutory fifteen-day objection period expires prior to removal, district courts treat the non-monetary status defendant as a nominal party and exclude its citizenship from diversity consideration. *See Jenkins v. Bank of America, N.A.*, No. CV 14-04545 MMM (JCx), 2015 WL 331114, at *6-7 (C.D. Cal. Jan. 26, 2015); *Wise v. Suntrust Mortg., Inc.*, No. 11-CV-1360-LHK, 2011 WL 1466153, at *4 (N.D. Cal. Apr. 18, 2011) (citations omitted). Here, there is no indication that Defendant Title 365 applied for non-monetary status pursuant to § 2924*l* prior to removal.

Although Defendant Title 365 did not apply for non-monetary status in state court, Removing Defendants argue that Title 365 is a nominal party because it is a trustee without any "particularized factual allegations against [it]." *Not. of Removal* ¶ 16. Courts acknowledge that trustees are often nominal parties, but a trustee is not a nominal party when substantive allegations are raised against it. *See Jenkins*, 2015 WL 331114 at *10 (citations omitted); *Couture v. Well Fargo*, No. 11-CV-1096-IEG (CAB), 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011). Substantive allegations can include those alleging that the trustee, during non-judicial foreclosure proceedings, filed a Notice of Default ("NOD") or Notice of Trustee's Sale ("NOS") without the authority to do so. *See, e.g.*, *Jenkins*, 2015 WL 331114 at *10-11 (holding that substantive allegations in non-judicial foreclosure proceedings include recording a NOD and NOS which, in addition to pleading joint and several liability and damages against all defendants, indicated that the trustee was not a nominal party); *Silva v. Wells Fargo Bank, N.A.*, No. CV 11-3200 GAF (JCGx), 2011 WL 2437514 at *5 (C.D. Cal. June 16, 2011) (holding that allegations against the trustee regarding false statements and missing information in the NOD qualified as a substantive allegations, which, in addition to asserting a number of claims against all defendants, indicated that the trustee was not a nominal party).

Here, Plaintiff alleges that the trustee, Veriprise, filed the NOD and NOS for the non-judicial foreclosure proceedings without the authority to do so. *Compl.* 11:20-28. Defendants concede that the filings were purportedly carried out through Veriprise's agent, Title 365. *Not. of Removal* ¶ 14 (". . . Title 365 is but the agent of Veriprise, which purportedly recorded the Notice of Default and Notice of Trustee's Sale at the direction of Veriprise."). On June 2, 2015, Plaintiff added Title 365 to the Complaint and, by virtue of Title 365's agency relationship on behalf of Veriprise, allegations concerning the filings of the NOD and NOS against Veriprise are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4647 PSG (SSx) | Date | July 7, 2015 |
|---|---|---|---|
| Title | Joseph Fogel v. Nationstar Mortgage, LLC, *et al.* | | |

imputed to Title 365.  In addition, Plaintiff has asserted each cause of action and damages against all defendants, including Title 365.  *See generally Compl.*  Because such allegations are substantive, Title 365 cannot be considered a nominal party.

For the foregoing reasons, it is not appropriate for the Court to ignore Defendant Title 365's citizenship.  Removing Defendants have not alleged Title 365's citizenship.  *See generally Not. of Removal.*  Thus, the Court concludes that Removing Defendants have not established complete diversity of citizenship.

Accordingly, the Court REMANDS this action to state court.

**IT IS SO ORDERED.**